PORTELA, DEMANDANTE Y APELADO, *v.* "SOCIETÉ ANONYME DES SUCRERIES DE SAINT JEAN," DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en procedimiento de *injunction.*

No. 2157.—Resuelto en julio 27, 1921.

SERVIDUMBRE DE PASO PREESTABLECIDA POR ANTERIOR DUEÑO—SIGNO APARENTE DE SERVIDUMBRE DE PASO — SERVIDUMBRE RECONOCIDA TÁCITAMENTE. — Habiendo formado las dos fincas que hoy pertenecen separadamente al demandante y a la demandada una sola perteneciente a un mismo dueño que para mejor llenar las necesidades del inmueble había establecido un camino que no hizo desaparecer antes de la venta ni se hizo constar en las escrituras de enajenación que no podría utilizarse como servidumbre, es preciso concluir que el demandante adquirió un derecho a servirse del camino preestablecido; y constituye un reconocimiento de la servidumbre por parte de la demandada el hecho de que antes de negarle el paso al demandante concurriera con éste en variar el camino que en cierta extensión quedó sustituído por otro de 6 metros de ancho con varias alcantarillas y plantaciones de coco, adquiriendo por tanto el demandante sobre el nuevo trazado el mismo derecho que tenía sobre el anterior.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. F. González.*

Abogado de la apelante: *Sr. H. G. Molina.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La presente es una apelación interpuesta por la demandada Societé Anonyme des Sucreries de Saint Jean contra

la sentencia que dictó la Corte de Distrito de Humacao en 28 de junio de 1919 por la cual declara con lugar la demanda sobre *injunction* establecida por Manuel Portela Cabezudo contra la expresada sociedad, y en su consecuencia decreta que ésta, sus agentes, empleados, sirvientes y todas aquellas personas que actúen bajo sus instrucciones, órdenes o requerimientos, sean restringidas de continuar cerrando y obstruyendo el camino objeto del litigio, y además que la demandada, sus agentes, empleados, sirvientes y todos aquéllos que actúen bajo sus instrucciones se abstengan de impedir la entrada del demandante o de sus empleados o representantes en dicho camino, estando asimismo obligada a permitir el uso, goce y disfrute del camino por parte del demandante o de sus empleados o representantes.

La corte, en la opinión que sirve de fundamento a la sentencia, encontró probados los siguientes hechos:

Que el demandante es dueño de una finca rústica radicada en el barrio de "Bairoa," antes "Cagüitas," del término municipal de Caguas, compuesta de 141 cuerdas 95 céntimos más o menos, según se describe en la demanda, e inscrita en el Registro de la Propiedad de Caguas, habiendo sido en su origen y primitivamente de la propiedad de Fernando Plá, como dueño éste de una finca mayor de que aquélla formaba parte.

Que la demandada es dueña de otra finca rústica radicada en el mismo barrio de "Bairoa" con igual cabida de 141 cuerdas 95 céntimos poco más o menos, según se describe en la demanda, inscrita también en el Registro de la Propiedad de Caguas a favor de la demandada, habiendo sido en su origen también de Fernando Plá al igual que la anterior que es hoy propiedad del demandante.

Que la finca de Plá de que eran partes integrantes las dos anteriormente expresadas, denominada "Colón," tenía una cabida de 283 cuerdas 90 céntimos, bajo las colindancias que se describen en la demanda, y Fernando Plá la adquirió por

compra a Salvador Más y Parés, José Más y Gelpí y Dolores
Más y Gelpí, mediante escritura pública de 10 de enero de
1906, habiendo segregado Plá por escritura de 15 de marzo
del mismo año de dicha finca y vendido a Milton Y. Durlach,
la porción que pertenece hoy al demandante y el resto a Eu-
genio Fichet, quien lo vendió a la demandada en 16 de mayo
de 1907.

Que desde muchos años antes de pertenecer a la deman-
dada la finca que hoy le pertenece o sea cuando esa finca y la
otra de la demandante formaban una sola perteneciente a
Salvador Más, éste, para mejor llenar las necesidades, tenía
establecido un camino que salía del centro de la finca hacia
el sur y terminaba en el antiguo camino de Caguas a Hu-
macao y el referido camino no se hizo desaparecer antes de
la venta, ni se hizo constar en las escrituras de venta que
no podía utilizarse como servidumbre.

Que cuando la demandada compró la finca que hoy posee,
estableció en ella una central azucarera, y como el camino
de que se deja hecho mérito pasaba por el centro de las
fábricas convino con el dueño entonces de la parcela del de-
mandante variar dicho camino más hacia el este, como así
se verificó, construyendo la demandada en la parte este de
su finca un camino afirmado como de seis metros de ancho
que partiendo de la colindancia sur de la finca del deman-
dante penetra por el norte en la finca de la demandada y
sigue hacia el sur, terminando en el antiguo camino de Ca-
guas a Humacao, en cuyo nuevo camino construyó la deman-
dada varias alcantarillas y plantó sus orillas de palmas de
coco, quedando ese nuevo camino perfectamente delineado
en el suelo y encontrándose actualmente en las mismas con-
diciones con igual signo e iguales derroteros y distintivos.

Y que el camino a que se refieren los hechos anteriores
ha sido obstruído por una cerca impidiendo los empleados

de la demandada que pasen el demandante o sus empleados, y se niegan a dejarlo expedito.

Tomando por base los anteriores hechos que la corte estimó probados, se expresó en los siguientes términos:

"El derecho del demandante descansa en el artículo 548 del Código Civil de Puerto Rico (igual al 541 del Código Civil Español) que dice así:

" 'La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas, se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellos, o se haga desaparecer aquel signo antes del otorgamiento de la escritura.'

"Son tan claros los preceptos del artículo citado que no pueden dar lugar a dudas pero si alguna surge queda desvanecida con la claridad que resulta, de los luminosos comentarios que a este artículo hace Scaevola en el tomo 10 de su obra 'Comentarios al Código Civil.' El signo equivale al título de la servidumbre, y si éste existía cuando se dividió la finca y posteriormente la demandada convino en variar el camino, reconoció dicha servidumbre y no puede hoy en modo alguno negarla, ni privar al demandante como dueño de la finca el hacer uso de su derecho.

"La demandada no puede impugnar el derecho del demandante desde el momento en que ella misma varió el camino y lo puso en condiciones de ser utilizado por el predio dominante, delineándolo en el suelo y marcándolo con el signo invariable y ostensible. *Vélez Gaztambide* v. *Guánica Centrale y Sucesores de Bianchi,* resuelto por la Corte Suprema de Puerto Rico en diciembre 20 de 1918."

La parte apelante para sostener su recurso señala varios errores cometidos por la corte inferior, los cuales todos, según afirma, suscitan solamente una cuestión legal, o sea, si el demandante tiene derecho a la servidumbre alegada en virtud de lo prescrito en el artículo 548 del Código Civil.

La corte inferior transcribe dicho artículo en su opinión y relacionándolo con los hechos que estima probados contra

cuya apreciación no se ha alegado formal ni específicamente error alguno, opinamos que dicho artículo ha sido debidamente aplicado a la resolución del caso.

Si las dos fincas que hoy pertenecen al demandante y a la demandada formaban antes una sola perteneciente a Más y éste, para mejor llenar las necesidades, tenía establecido un camino que salía del centro de la finca hacia el sur y terminaba en el antiguo camino de Caguas a Humacao y el referido camino no se hizo desaparecer antes de la venta ni se hizo constar en las escrituras de venta que no podía utilizarse como servidumbre, surge como consecuencia que existiendo como existía un signo aparente de servidumbre entre las dos fincas que son hoy de las partes demandante y demandada establecido por el propietario de ambas que lo fué Más, el demandante al comprar a Más la finca que hoy posee, adquirió un derecho indiscutible a servirse del camino que ya Más tenía establecido al vender al demandante una porción de la finca en que existía el camino para el servicio de la misma. No podía existir signo más aparente, visible y ostensible del derecho de servidumbre que el mismo camino existente. Comentando Manresa en el tomo cuarto de su obra Comentarios al Código Civil el artículo 541 de dicho código (548 del nuestro) se expresa así:

"Las sentencias de 14 de septiembre de 1867, 10 de julio de 1880, 7 de junio de 1883, 21 de octubre de 1892 y 26 de junio de 1893, declaran que al separarse dos fincas que tienen entre sí algún servicio o servidumbre establecido, o al dividirse una finca entre dos diferentes personas, sin que se pacte un modo de disfrute distinto del que usaba el dueño de ambas o de la totalidad se entiende subsistente el servicio o la servidumbre; el signo aparente de dicha servidumbre es un título para que continúe, a no ser que al tiempo de separarse la propiedad de las dos fincas se exprese lo contrario." Manresa, Comentarios al Código Civil, tomo 4, pág. 614.

Cuando Más vendió de la totalidad de su finca "Colón" la parte que hoy posee el demandante, había establecido un

camino para el servicio de la finca de la cual se hizo la se-gregación y tal servicio subsistió a favor del adquirente.

Ese derecho de servidumbre no fué adquirido en virtud de convenio alguno sino por ministerio de la ley en virtud del artículo 548 del Código Civil. Pero no puede negarse que la demandada reconoció el derecho del demandante cuando convino con éste en variar el camino substituyéndolo por otro de seis metros de ancho con varias alcantarillas y plantaciones de palmas de coco, adquiriendo por tanto el demandante sobre el nuevo camino el mismo derecho que tenía sobre el primitivo.

En virtud de dicho convenio que se sostiene por la prueba la demandada quedó impedida de impugnar el derecho adquirido por el demandante desde el momento que ella misma varió el camino y lo puso en condiciones de ser utilizado por el predio dominante, delineándolo en el suelo y marcándolo con signo invariable y ostensible. *Vélez Gaztambide et al.,* v. *Guánica Centrale y Sucesores de Bianchi,* 26 D. P. R. 795.

Y no cabe invocar como aplicable al caso la jurisprudencia sentada por esta Corte Suprema en el caso de *Torres* v. *Plazuela Sugar Company,* 24 D. P. R. 479, pues los hechos que motivaron aquella jurisprudencia son muy distintos de los que han originado el presente caso.

En virtud de las razones expuestas se impone la conclusión de que el demandante al adquirir la porción de la finca descrita en la demanda la adquirió con la servidumbre de paso clara y aparente en contra del predio de que es actualmente dueña la parte demandada.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.